UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNY BARTON, TRUSTEE, INDIANA TEAMSTERS HEALTH BENEFITS FUND, and INDIANA TEAMSTERS HEALTH BENEFITS FUND, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:07-cv-257-LJM-JMS |
| CONTRACT CARRIERS CORP., | ) ) ) | |
| Defendant. | ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND PERMANENT INJUNCTION**

This matter is before the Court on the Motion of Plaintiffs for an Injunction against Defendant, which Motion is in the following words and phrases, to-wit:

(H.I.)

And the Court having considered the Motion, the Affidavit of Ray Simpson and the underlying pleadings, makes the following:

Findings of Fact

1. Plaintiff Fund is a multi-employer benefit plan, maintained by the contributions of a large number of different employers. Plaintiff Fund is an employee benefit plan within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1002(1)(2)(3)(21) and 1132, and is a multi-employer plan within the meaning of ERISA Section 3(37), 29 U.S.C. §1002(37).

2. Plaintiff Danny Barton is a fiduciary within the meaning of Section 3(21) and 404 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1002(21) and 1104).

3. Plaintiffs have filed suit seeking to collect unpaid contributions owing from Defendant to and on behalf of Defendant's employees, and to require Defendant to fulfill its obligation to make current contributions to Plaintiffs.

4. Defendant is bound by collective bargaining agreements with Teamsters Joint Council No. 69, under which it is required to make contributions to the Plaintiff Fund for and on behalf of its employees covered by such agreement.

5. Defendant is engaged in an industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) of ERISA, 29 U.S.C. §1002(5)(11)(12) and (14), and the Labor-Management Relations Act of 1947, 29 U.S.C. §151 et seq.

6. Defendant has repeatedly failed to make contributions when they fall due. Defendant has failed to pay its contributions for the months of July, August, September, October, November and December of 2006, and July of 2007.

7. The Fund relies on cash flow from employer contributions to provide benefits, and delinquent contributions impair the ability of the Fund to make accurate financial statements. Administrative hardship also is visited upon the Fund by these delinquencies, in that the Fund is required to expend time and resources collecting these delinquencies and fielding calls and inquiries from employees.

8. By virtue of the foregoing, the Plaintiffs lack an adequate remedy at law and are likely to suffer irreparable injury.

Conclusions of Law

1. Jurisdiction exists by virtue of Section 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 and 1145, as well as 28 U.S.C. § 1331.

3. Defendant is bound to the terms of collective bargaining agreements with Teamster Joint Council No. 69 and is required to make payments to the Plaintiff Fund in accordance with the terms of its agreements.

4. In Section 515 of the Employee Retirement Income Security Act of 1974, added by the Multi-Employer Pension Plan Amendments Act of 1980, Congress has made the contractual obligation to contribute to multi-employer fringe benefit funds one of the requirements of Title I of ERISA.  ERISA Section 502(a)(3) authorizes this court to enjoin any act or practice which violates any provision of Title I of ERISA, including the obligation imposed by Section 515.  This Court therefore has jurisdiction to enjoin Defendant's continuing violation of Section 515, upon the proper showing of the Plaintiffs' entitlement to such relief.  Several court decisions have established the entitlement of Plaintiffs to the injunctive relief which it has requested of this Court.  <u>Laborer's Fringe Benefit Funds, Detroit and Vicinity v. Northwest Concrete and Construction, Inc.</u>, 640 F.2d 1350 (6th Cir. 1981); <u>Huge v. Long's Hauling Company</u>, 509 F.2d 457 (3rd Cir. 1978); and <u>Frank Gould, et. al. v. Lambert Excavating, Inc.</u>, 870 F.2d 1214 (7th Cir. 1989).

5. Because the Defendant is obligated by terms of a collective bargaining agreement to make contributions to the Fund, and because it has failed to do so, the Plaintiffs are likely to succeed on the merits of their case.  Furthermore, in light of the

mandate of Congress that employee benefit funds be accorded maximum protection and all appropriate remedies, it is this Court's finding that the likelihood of injury to the Defendant is less than that which could accrue to the Plaintiffs if injunctive relief were denied.

6.   Because the Fund is an employee benefit plan which provides benefits to employees of employers who were and are bound by the trust agreements establishing the Fund, and to their dependents, the public interest is better served by the issuance of the injunction sought herein than by its denial.

Permanent Injunction

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant should be and is hereby PERMANENTLY ENJOINED, as follows:

Defendant, its agents, servants, employees, and all persons in active counsel and in participation with it, are permanently enjoined from failing and/or refusing to make timely payment of monies due Plaintiff Fund on behalf of all of Defendant's employees for whom contributions are required under the aforementioned collective bargaining agreements, beginning with the contributions for the month August of 2007, which are due on September 10, 2007.  All future contributions will be paid on or before their due date on the basis specified in any collective bargaining agreement.

Dated:

Copies to:

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE
Suite 204, 1213 N. Arlington Avenue
Indianapolis, IN 46219
E-mail: glohman@fdgtlaborlaw.com

Contract Carriers Corp.
c/o Robert J. Bucko, Registered Agent
1501 Michigan Street, Suite C
Gary, IN  46402


p/1369gl